**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **COREY VICTOR ROBERSON,** | § | |
| **#25967-177** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:13-CV-3744-O-BK** |
| | § | **(3:11-CR-0165-O-1)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On September 9, 2013, Petitioner, a federal inmate proceeding *pro se*, filed a letter requesting an extension of time to file a motion to vacate sentence under 28 U.S.C. 2255.   For the reasons that follow, it is recommended that the request for extension of time be dismissed for want of jurisdiction.

Rather than submitting his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Petitioner requests "another year" to do so.   (Doc. 1 at 1).   He states that he has been confined in the "special housing unit" since February 21, 2013, pending an investigation. *Id.*   Although Petitioner has a "jailhouse lawyer" working on his case, he claims he is unable to talk with him and obtain the status of his case.   *Id.*   Petitioner also states that he has "been in special Ed all [his] life" and "can't read or spell." *Id.*

Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed.   *See United States v. McFarland*, 125 Fed. App'x 573, *1 (5th Cir. Apr. 6, 2005) (quoted case omitted) (unpublished *per curiam*) ("Before the [ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'").   Thus, until Petitioner actually files a section 2255

motion, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide.  *See, e.g., United States v. Williams*, 3-04-CR-193-M, 2007 WL 1670167 (N.D. Tex. June 4, 2007) (dismissing motion for extension of time to file section 2255 motion for want of jurisdiction).[1]

For the foregoing reasons, it is recommended that Petitioner's request for extension of time to file a section 2255 motion (Doc. 1) be **DISMISSED** *sua sponte* for want of jurisdiction.

SIGNED September 18, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.   Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Neither the 2255 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition.   Furthermore, section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).