IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY VICTOR ROBERSON, #25967-177 Petitioner, | § § § § | |
| v. | § § | 3:13-CV-3744-O-BK |
| UNITED STATES OF AMERICA, Respondent. | § § § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge filed findings and conclusions, recommending that Petitioner's request for extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be dismissed for want of jurisdiction because Petitioner had not filed a proposed Section 2255 motion. Petitioner filed objections (ECF No. 4) and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made. Petitioner also filed a motion for transcript. (ECF No. 5).

In his objections, Petitioner alleges that Dart Officer Ibarra committed perjury during the bench trial in Petitioner's criminal case, that the prosecutor engaged in a criminal conspiracy with Ibarra, that there was insufficient evidence to support Petitioner's conviction, and that Petitioner "could not get a real investigation." *See* Objection 1, ECF No. 4. In addition, Petitioner alleges that the Due Process Clause was violated because "the prosecution use[d] perjured testimony to support its case." *Id.* at 3.

Insofar as Petitioner seeks to challenge his underlying criminal conviction, his objection

is liberally **construed** as a first Section 2255 motion, which the Clerk of the Court will **sever and file** in a separate action (NOS 510, directly assigned to the same District judge and Magistrate Judge). The Magistrate Judge will then grant Petitioner an opportunity to amend the Section 2255 motion in accordance with *Castro v. United States*, 540 U.S. 375 (2003).

Petitioner's motion for transcript (ECF No. 5) is **DENIED** without prejudice. A criminal defendant is not entitled to a copy of court proceedings at government expense to peruse the record for possible grounds for habeas corpus relief. *See United States v. MacCollom*, 426 U.S. 317, 325-26 (1976); *Cowan v. United States*, 445 F.2d 855, 855 (5th Cir. 1971) (per curiam). Petitioner is advised, however, that he is not required to file a transcript of his criminal proceedings with any habeas petition or motion to vacate sentence under 28 U.S.C. § 2255.

To the extent Petitioner seeks to object to the Magistrate Judge's recommendation, dismissing his motion for extension of time to file a Section 2255 motion, his objections are overruled and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Extension of Time to File 28 U.S.C. § 2255 Filing is **DISMISSED** *sua sponte* for want of jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that the petitioner has failed to show

(1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

**SO ORDERED** on this **21st day** of **October, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.